[Ex Parte Hill.]

## Ex Parte Hill.

### Prohibition.

(Decided May 4, 1916. 71 South. 994.)

1. Judges; Disqualification.—Under Acts 1909, p. 263, the judge who appoints the court stenographer may personally hear and determine the charges as a basis for his removal, although sworn to by the judge himself.

2. Court; Offices; Stenographer; Place of Service.—Under Acts 1909, p. 263, the judge appointing the court stenographer has no right to assign him to serve in another circuit to which the judge is assigned to preside.

3. Same; Removal; Place of Trial.—Where the judge files charges against the stenographer of his circuit, he must try such charges at some

[Ex Parte Hill.]

appropriate place within that circuit, and cannot try them in another circuit to which he has been assigned to preside.

ORIGINAL petition in the Supreme Court.

Petition by Charles F. Hill for prohibition to the Honorable James E. Blackwood, Judge of the Sixteenth Judicial Circuit, restraining him from trying charges against the petitioner as official stenographer. Writ granted in part.

The petition shows the following: Petitioner was appointed as official stenographer for said court by Judge Blackwood in 1911, under the act approved August 26, 1909 (Acts 1909, p. 263). Judge Blackwood was ordered by the Chief Justice of the Supreme Court to preside in the circuit court of Jefferson county, the Tenth judicial circuit, for eight weeks beginning January 3, 1916, and he forthwith ordered petitioner to appear at said time and place, to-wit, Monday, January 3, 1916, at 10 o'clock a. m., in the Lyon-Terry Building, and take up his duties as official court reporter for his circuit. Petitioner declined to serve as reporter in Jefferson county in compliance with said order, and after some correspondence between him and said judge the judge filed written charges under his own oath in the offices of the circuit clerk both of Jefferson and of Blount counties, the latter being in the Sixteenth circuit, and notified petition to appear and defend same, if he chose to do so, in the Lyon-Terry Building in Birmingham on January 10, 1916. The charges filed are that petitioner failed and refused to serve as reporter in Birmingham, as ordered by the judge, and that he has been guilty of misconduct in office and about and pertaining to the duties of his office. In his answer to the rule the judge admits the facts alleged in the petition, but affirms the duty of petitioner to serve as directed by him, and affirms his own power and duty as judge to pass upon the charges made by himself as affiant. He affirms also his power to hear and determine the proceedings in Birmingham, though he avers that he would not have heard it outside of the Sixteenth circuit against petitioner's objection.

C. C. NESMITH, and LUKE P. HUNT, for appellant. J. E. BLACKWOOD, pro se.

SOMERVILLE, J.—Section 1 of the act approved August 26, 1909 (Sp. Sess. Acts 1909, p. 263) provides for the appointment of trial court stenographers by the judges thereof, and declares:

"Said stenographer shall be an officer of the court and shall hold office for the term of the judge appointing him; provided, that the judge of said court shall, at any time, have power to remove such official stenographer upon proper charges filed in writing and entered of record duly sworn to, for incompetency, neglect of duty, insubordination, or misconduct, if, after hearing such charges and such proof as may be offered in support thereof and against the same, it shall appear that such charges are well founded and satisfactorily proven."

(1) A proceeding under this act for the removal of a court stenographer is somewhat analogous to a proceeding for contempt, and we think that, whether it is instigated by the judge or not, it was intended that he should personally hear and determine the case, and that the ordinary rule of disqualification does not apply. It is unnecessary to elaborate the reasons for this conclusion, since, by amendment of the act, court stenographers are now removable at the discretion of the judges who appoint them.—Sess. Acts 1915, p. 859.

(2) Section 4 of the act referred to prescribes the territory within which a court stenographer shall serve, and this is very clearly the circuit for which he is appointed. He is an officer of the circuit court, and not an attache of the judge, and we can discover no authority for his assignment to work outside of his proper circuit. It follows that the requisition made upon petitioner by the respondent judge was disobeyed without any breach of official duty.

We shall, of course, presume that, if petitioner has not otherwise given any cause for his just removal from office, the learned respondent judge will dismiss the proceeding in accordance with the views above expressed.

(3) We are of the opinion, however, that, since respondent can conduct this proceeding only as judge of the Sixteenth judicial circuit, he must necessarily do so at some appropriate place within the circuit, and not elsewhere.

It results that the prayer to restrain respondent from hearing and determining the removal charges against petitioner will be denied; but the prayer to perpetually restrain respondent from hearing the cause outside of the Sixteenth judicial circuit will be granted, and the proper writ to that end will forthwith issue.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.